## Scott *vs.* Doneghy.

APPEAL FROM BOYLE CIRCUIT.

Case 31.

PET. EQ.

1. When an ordinary petition states all the facts necessary to authorize the issuing an attachment, and is sworn to, no additional affidavit is necessary.

2. And where the proceeding is in equity, if the petition state all the facts necessary to authorize the issuing an attachment, no additional affidavit is necessary.

3. Under section 730 of the Code, a surety can have the benefit of any of the provisional remedies mentioned in title 8, in the manner therein prescribed. And in some of the cases mentioned, the clerk may issue an attachment without the order of a judge or a court; and such is the case where the debt is due when suit is brought.

4. A payee and first indorser of a bill of exchange is liable to the second indorser, who takes up the bill, for the full amount of the bill, unless there be an agreement for a different degree of responsibility.

Case stated.

S. F. Southern, on the first of April, 1852, drew a bill of exchange on Hazard & Green, of New Orleans, for $500, payable to John M. Scott, the appellant, and by him indorsed, and then indorsed by appellee, Doneghy, and sold to the Bank of Kentucky. The bill was protested for non-acceptance, and suit brought by the bank against Scott and Doneghy. During the pendency of that suit Doneghy, fearing that Scott was about to leave the state with his property, instituted suit, in which he claimed a judgment against Scott for whatever he might be compelled to pay to the bank, on the ground that Scott was liable to him as first indorser. Judgment was obtained by the bank against Scott and Doneghy. Doneghy paid off the judgment, and filed an amended petition, alledging that fact, to which he made oath, and sued out an attachment and caused it to be levied upon a negro man, the property of Scott. Scott answered, denying his liability for the debt, but insisted that if liable for any part, it was only

for one half, as joint indorser. Scott moved the court to discharge the attachment, which motion the court overruled, and rendered judgment against Scott, for the whole amount paid by Doneghy to the bank; and Scott has appealed.

*Boyle & Anderson* for appellant—

Argued: 1. That the proof showed that Doneghy was a joint indorser with Scott, and liable only for half the amount of the protested bill, and that Doneghy so considered his responsibility.

2. That the attachment had issued improperly and should be discharged, as no such affidavit had been filed by Doneghy as was required by the Code of Practice, section 221.

*J. Harlan* on the same side—

1. The attachment was improperly issued by the clerk. It is a proceeding in derogation of the common law, and should be strictly pursued, and can issue in no case, except as provided for by statute. (*Rule vs. Bishop, Pr. Decs.,* 347.) The Code of Practice, section 222, authorizes the clerk to issue attachments, when an affidavit is filed; by section 221 the affidavit must state the nature of plaintiff's claim—that it is just, &c. The bond taken must conform to the statute. (*Martin vs. Thomson,* 3 *Bibb,* 352; *Pogue vs. Pogue,* 3 *Dana,* 379.)

2. The attachment issued without the requisite bond having been executed, as required by section 224 of the Code.

3. The circuit court erred in refusing, on motion, to discharge the attachment, for the reasons suggested.

4. The circuit court erred in rendering judgment against appellant for the whole amount of the bill of exchange. The rights and liability of the indorsers depended upon their understanding when they made the indorsement, and not upon the form of the paper.

It was a transaction in which Southern was to be benefited. Scott and Doneghy were his accommodation indorsers, and so understood at the time they indorsed the bill, and should each contribute to the payment of the loss occasioned by Southern's insolvency.

Scott, in his answer to the suit of the bank takes this view of the case, and Doneghy adopts Scott's answer. Other testimony shows that Doneghy considered himself jointly liable to loss; and Doneghy does not, in his petition, claim to have Scott between him and the bank. He states, as a matter of legal conclusion, that he is not responsible on the bill.

*Dunlap*, and *Bell & Fox*, for appellee—

1. Scott was the payee and first indorser of the bill drawn by Southern, on Hazard & Green, which was sold to the Bank of Kentucky, protested by the drawees, and which Doneghy has been compelled to pay to the bank. Scott is liable to Doneghy, as a matter of law, and there is nothing alledged or proved in this case to change the order of legal responsibility.

This court said, in the case of *Eldridge vs. Duncan*, 1 *B. Monroe*, 102, that although the paper was a mere accommodation paper, yet the different parties are presumed to know the order of their responsibility, and to look to all prior parties in the order in which they stand. The case of *Hixon vs. Reed*, 2 *Litt.*, 176, is analagous to this, and was decided as this has been.

2. An effort was made to discharge the attachment sued out by Doneghy, on the ground that no sufficient separate affidavit had been filed by Doneghy, before the suing out of the attachment. To this it was replied that the petition and amendment, which had been sworn to, contained every allegation, which, under the Code, was necessary to authorize the issue of the attachment; and so the court held, as

SCOTT
*vs.*
DONEGHY.

we think correctly, and refused to discharge the attachment.

July 4.

Judge SIMPSON delivered the opinion of the court.

1. When an ordinary petition states all the facts necessary to authorize the issuing an attachment, and is sworn to, no additional affidavit is necessary.

Although in an action by ordinary proceedings, when the plaintiff desires to obtain an attachment, the Code requires him to file, in the clerk's office of the court in which the action is brought, an affidavit, showing the nature and justness of his claim, and the amount which he believes he ought to recover, together with the grounds upon which he relies for an attachment; yet if the petition itself contains a statement of all these matters, and is sworn to, it should be regarded as supplying the place of a separate affidavit, which, under such circumstances, may be dispensed with altogether.

2. And where the proceeding is in equity, if the petition state all the facts necessary to authorize the issuing of an attachment, no additional affidavit is necessary.

And where, as in this case, the action is by equitable proceedings, and the petition shows sufficient grounds for an attachment, and is verified by the oath of the plaintiff, no separate affidavit is required. And as this was substantially an action by a surety against his principal, to obtain indemnity against the debt for which he was liable, or to compel the principal to pay the debt, the proceedings were governed by sections 728, 729, 730, of the Civil Code.

3. Under section 370 of the Code, a surety can have the benefit of any of the provisional remedies mentioned in title 8, in the manner therein prescribed. And in some of the cases mentioned, the clerk may issue an attachment without the order of a judge or a court, and such is the case where the debt is due when suit is brought.

By the section last mentioned, the surety can obtain any of the provisional remedies contained in title 8, upon the grounds and in the manner therein prescribed. In some of the cases mentioned in that title, an attachment may be issued by the clerk of the court without an order of the court, or of a judge, and in other cases such an order is necessary to authorize the clerk to issue the attachment.

In this case the debt was due when the action was commenced, and in all such cases the clerk can make the order of attachment himself. If the action be brought before the claim be due, then an order of the court or of a judge is necessary. As the section referred to does not state explicitly how the order of

attachment shall be made in a case of this kind, the question has to be determined by analogy; and as the order can be made by the clerk, whenever the action is brought upon a claim that is due, we think he was authorized to make it in the present case.

The controversy, upon its merits, was clearly in the plaintiff's favor. The attitude of the parties upon the bill determined their respective liabilities. The plaintiff, as second indorser, had a right to look to the first and prior indorser for the amount of the bill, unless the legal liability of the parties, arising from their relative position on the instrument, was changed by an agreement between them, entered into at the time the bill was made. The testimony is insufficient to establish such an agreement, and the plaintiff was therefore entitled to a judgment.

4. A payee and first indorser of a bill of exchange is liable to the second indorser, who takes up the bill, for the full amount of the bill, unless there be an agreement for a different degree of responsibility.

The *grounds* of the attachment were fully sustained by the testimony, and the order to sell the property which had been attached was proper.

Wherefore, the judgment is affirmed.